### CHRYSLER MOTORS CORPORATION, Plaintiff–Appellee,

v.

### INTERNATIONAL UNION, ALLIED IN-DUSTRIAL WORKERS OF AMERICA, AFL–CIO and Local 793, Defendants–Appellants.

No. 92–2215.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 21, 1993.

Decided Aug. 17, 1993.

Gregory S. Muzingo, Highland Park, MI, for plaintiff-appellee.

Kenneth R. Loebel, Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, Milwaukee, WI, for defendants-appellants.

Before COFFEY and KANNE, Circuit Judges and HOLDERMAN, District Judge.*

COFFEY, Circuit Judge.

Chrysler Motors Corporation ("Chrysler") discharged Ronald Gallenbeck from his position as a fork lift operator after he sexually assaulted a female co-worker. The facts of the assault are undisputed. On January 5, 1989, during a telephone conversation, Gallenbeck put down the telephone receiver, approached the female co-worker from behind, and grabbed her breasts. He then returned to the telephone and stated, "Yup, they're real." Pursuant to its collective bargaining agreement with Chrysler, the International Union, Allied Industrial Workers of America, AFL–CIO, and its union local ("Union") filed a grievance protesting Gallenbeck's discharge. Chrysler denied the grievance and the matter proceeded to arbitration. Although Chrysler presented evidence to the arbitrator that on four other occasions Gallenbeck intentionally grabbed and/or pinched female co-workers, the arbitrator refused to consider these four incidents because Chrysler became aware of them only *after* it had discharged him.[1] After examining 18 arbitration decisions involving sexual harassment, the arbitrator concluded that discharge

---

* The Honorable James F. Holderman, District Judge for the Northern District of Illinois, is sitting by designation.

1. The crux of the Union's appeal is that the arbitrator did consider these four incidents in ordering Gallenbeck's reinstatement. We consider and reject this contention below.

was too severe a sanction for Gallenbeck's single transgression that the arbitrator considered, reduced the penalty from termination to a 30-day suspension, and ordered Chrysler to reinstate Gallenbeck with back pay.

Chrysler then filed an action in the district court requesting that the arbitration decision be vacated as contrary to the public policy against sexual harassment in the work place. The district court affirmed the arbitration award, ruling that Chrysler "failed to meet its burden of identifying the existence of a well defined, dominant and explicit public policy sufficiently grounded in federal or state laws and legal precedents with which the award conflicts." 748 F.Supp. 1352, 1363 (E.D.Wis.1990). The district court also denied the Union's request for prejudgment interest and attorneys' fees. *Id.* at 1363–64. The court ordered the matter returned to the arbitrator for a determination of the amount of back pay due Gallenbeck. *Id.* at 1365. Chrysler filed a notice of appeal from the court's decision, and the Union cross-appealed from the denial of attorneys' fees. Chrysler then sent Gallenbeck a letter, on March 6, 1990, which essentially reinstated him for one day with pay and simultaneously dismissed him again. The letter read:

"Pursuant to the evidence uncovered during preparation for the arbitration hearing in this matter which revealed other acts of harassment on your part directed at female co-workers, the decision has been made to terminate your employment effective immediately. However, in lieu of returning you to work only to then effect your discharge, enclosed is check 62306, in the amount of $47.20, less standard deductions, representing compensation for reinstatement for one day."

In response, the Union requested that the district court hold Chrysler in contempt for attempting to evade the district court's order enforcing the arbitrator's award. The district court refused to find Chrysler in contempt, on the ground that the filing of Chrysler's appeal had divested it of jurisdiction. The Union then filed a motion to dismiss Chrysler's appeal in an attempt to clear the way for the district court to consider the contempt motion. In response to the motion, we held that the district court's order to reinstate Gallenbeck was appealable, and that the district court had jurisdiction to consider the contempt motion. *Chrysler Motors Corp. v. International Union, Allied Industrial Workers,* 909 F.2d 248, 250 (7th Cir.1990) (*Chrysler I*). However, acting upon our suggestion in *Chrysler I, id.,* the district court deferred the contempt proceedings pending resolution of the appeal, which was decided in *Chrysler Motors Corp. v. International Union, Allied Industrial Workers,* 959 F.2d 685 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 304, 121 L.Ed.2d 227 (1992) (*Chrysler II*). In *Chrysler II* we held that the district court properly enforced the arbitration award, explaining that "[w]hile we do not condone Gallenbeck's behavior, it was within the purview of the collective bargaining agreement and public policy for the arbitrator to order [Gallenbeck's] reinstatement." 959 F.2d at 689. The Union then filed another motion in the district court requesting that Chrysler be held in contempt for its failure to reinstate Gallenbeck. The district court denied the motion, ruling that "[t]he record shows that Chrysler did reinstate Ronald Gallenbeck in compliance with this court's order. Any subsequent discharge was not addressed in the original arbitration award which this court reviewed." The Union appeals the denial of this contempt motion.

■ "A district court's decision on a contempt petition is discretionary in character and is not to be reversed except for abuse of discretion or unless clearly erroneous." *Stotler v. Able,* 870 F.2d 1158, 1163 (7th Cir.1989) (citations and internal punctuation omitted). *See also In the Matter of Grand Jury Proceedings of December, 1989,* 903 F.2d 1167, 1170 (7th Cir.1990); *Matter of John Doe Trader Number One,* 894 F.2d 240, 242 (7th Cir.1990). A district court may hold a party in contempt if it can "point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Stotler,* 870 F.2d at 1163 (citations and internal punctuation omitted).

■ The central issue in this case is whether Chrysler's almost simultaneous rein-

statement and discharge of Gallenbeck violated the district court's affirmance of the arbitration award requiring Chrysler to reduce Gallenbeck's discharge to a 30–day suspension. The district court denied the Union's contempt motion because it concluded that Chrysler had complied with its order by reinstating Gallenbeck through its March 6, 1990 letter. The court reasoned that the subsequent discharge was not covered by the arbitration award that the court had ordered enforced because the other four incidents of harassment were not considered by the arbitrator in ordering the reduction in punishment to a 30–day suspension and Gallenbeck's return to work with backpay.

■ When an arbitrator evaluating a discharge examines only the evidence against the employee known to the employer at the time of the discharge, and does not consider evidence against the employee discovered by the employer after the discharge, the employer is not "forever foreclose[d] ... from using [the] evidence [acquired after the discharge] as the basis for a [subsequent] discharge." *United Paperworkers International Union v. Misco*, 484 U.S. 29, 41, 108 S.Ct. 364, 372, 98 L.Ed.2d 286 (1987). *See also Truck Drivers Local 705 v. Schneider Tank Lines*, 958 F.2d 171, 174–75 (7th Cir.1992) (If a grievance committee created by a collective bargaining agreement orders a discharged employee reinstated, a company may reinstate the employee and then discharge him again if it has a "fresh reason for doing so"). As we explained in *Chicago Newspaper Guild v. Field Enterprises, Inc.*, 747 F.2d 1153, 1156 (7th Cir.1984), simply because an arbitration award requires the reinstatement of a discharged employee does not mean that the employee "has been granted perpetual job security." "Once reinstated," an employee is "in the same position as any other employee ... and would be subject to any lawful disciplinary action, layoff, or discharge. Any future employment decisions affecting [the employee] would, of course, be evaluated independently of the [original discharge]." *Id.*

In this case, Chrysler maintains that the arbitrator refused to consider four incidents of sexual harassment it claims Gallenbeck committed, but about which Chrysler was unaware when it discharged Gallenbeck. The Union claims that the arbitrator did take into account all the evidence Chrysler had gathered during its post-discharge investigation against Gallenbeck. While it is true that Chrysler presented all of its evidence to the arbitrator, it does not necessarily follow, as the Union asserts, that the arbitrator considered all the evidence presented when he fashioned the award. In fact, the arbitrator's order makes clear that he did not consider the four other incidents of sexual harassment alleged by Chrysler. In his decision the arbitrator explained that

> "[n]othing in the record suggests that [Chrysler] looked into any of the allegations of prior sexual harassment introduced in evidence before the decision to discharge the Grievant was made. A discharge decision must generally stand or fall on the evidence which the employer had in possession at the time it acted.... Arbitrators expect the charge [for] which the employer offers proof to be the charge for which discipline was originally imposed, not something the employer cites for the first time at the arbitration hearing....
>
> "The discharge notice to the Grievant specified only the incident involving [his coworker] on January 5 [, 1989]. Nothing was said about any other sexual harassment incidents.... Thus, it appears that the Employer did not consider evidence of any other incidents when it decided that discharge was the appropriate penalty in this case."

(emphasis added). The arbitrator then noted that of "18 [sexual harassment arbitral] cases reviewed, in only one of them ... did the arbitrator uphold the discharge where the employee had not previously been warned or disciplined or where the harassment did not involve multiple incidents or persistent harassment." The arbitrator then explained that discharge was too harsh a sanction in Gallenbeck's case:

> "Although not a long term employee, the Grievant had a blemish free disciplinary record prior to his discharge and was considered to be a good employee. Furthermore, the Grievant was charged with and

dismissed for one incident of sexual harassment compared with the numerous incidents present in those cases in which summary discharge was upheld.... Because the penalty here was too severe under all the circumstances, it is concluded that there was not good cause to discharge the Grievant. However, there was good cause to suspend the Grievant for 30 workdays."

This language makes clear that the arbitrator treated Gallenbeck's case as involving but one single incident of sexual harassment, and refused to consider the other incidents Chrysler learned about after the discharge but before the arbitration hearing. Thus, Chrysler had "fresh evidence" upon which to base its second discharge of Gallenbeck.

The Union's protestations that Chrysler intentionally dragged out this litigation by withholding from the arbitrator its complete knowledge of Gallenbeck's misconduct are unsupported in the record. Chrysler presented all its evidence to the arbitrator, but was unable to persuade him to consider anything other than the evidence Chrysler possessed at the time of the first discharge. Once the district court affirmed the arbitral award, Chrysler reinstated Gallenbeck and then, acting pursuant to the evidence its post-discharge investigation had uncovered, again discharged Gallenbeck. Chrysler's conduct was thus entirely appropriate.

■ The Union also argues that Chrysler should have informed this court during the litigation which culminated in *Chrysler II* that it had already reinstated Gallenbeck in accordance with the arbitrator's award, thus mooting its argument that the award was in violation of the public policy against sexual harassment. The Union maintains that Chrysler's pursuit of its public policy argument judicially estops it from claiming in this appeal that it did reinstate Gallenbeck in compliance with the district court's order. We disagree. "Judicial estoppel precludes parties from abandoning positions taken in earlier litigation. The principle is that if you prevail in Suit # 1 by representing that A is true, you are stuck with A in all later litigation growing out of the same events." *Witham v. Whiting Corp.*, 975 F.2d 1342, 1344

(7th Cir.1992) (citation omitted); *see also Kale v. Obuchowski*, 985 F.2d 360, 361 (7th Cir.1993); *Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir.), *cert. denied*, 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990). "Judicial estoppel, however, is applied only where the party prevails in suit # 1 and then tries to take a position in suit # 2 inconsistent with that taken in suit # 1." *Allison v. Ticor Title Insurance Company*, 979 F.2d 1187, 1193 (7th Cir.1992). "The offense is not taking inconsistent positions so much as it is *winning*, twice, on the basis of incompatible positions." *Astor Chauffeured Limousine v. Runnfeldt Investment Corp.*, 910 F.2d 1540, 1548 (7th Cir.1990). Chrysler was not successful in persuading this court that public policy voided the arbitration award, and therefore it is not judicially estopped from arguing that it did reinstate Gallenbeck. Moreover, it was not inconsistent for Chrysler to comply with the arbitration order and reinstate Gallenbeck as directed by the district court while at the same time arguing that the arbitrator's decision was improper. Chrysler genuinely believed that it was a violation of public policy to reverse the discharge of an employee who had sexually assaulted a co-worker. It vigorously (although vainly) asserted this position before the arbitrator and in the federal courts. Once the district court rejected this position, however, Chrysler complied with the arbitrator's award by reinstating Gallenbeck. Chrysler's willingness to comply with the award did not bar it from arguing on appeal that, as a matter of law, the award was flawed.

The district court's action in denying the Union's contempt motion was proper.

AFFIRMED.